**FILED**

UNITED STATES DISTRICT COURT
FOR SOUTH DAKOTA SOUTHERN DIVISION

AUG 24 2012

CLERK

ROGER D. WALDNER,
    PLAINTIFF, pro se,

vs.

TIMOTHY L. JAMES, JAMES LAW, P.C., and
JAMES & ASSOCIATES, P.C.,
    DEFENDANTS.

Civil Case No. CIV 12-4153

COMPLAINT,
    Trial By Jury.

Civil RICO 1964(c).

COME NOW Plaintiff, Roger D. Waldner, pro se, U.S.M. No. 09797-029, Federal Prison Camp Loretto, P.O. Box 1000, Loretto, PA 15940-1000, and for his Complaint against Defendants, Timothy L. James, James Law, P.C., and James & Associates, P.C., states and allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Roger D. Waldner has been incarcerated since July 7, 2008, in a Federal Prison.

2. Plaintiff, Roger D. Waldner had been in the Federal Prison Camp, Duluth, Minnesota, until December of 2010.

3. Plaintiff, Roger D. Waldner has been at the Federal Prison Camp, Loretto, Pennsylvania, since Janurary 2011.

4. Defendant, Timothy L. James, is a resident of Yankton, South Dakota, Yankton County, South Dakota, and engaged in the practice of Law with his principal place of business in Yankton, South Dakota, and licensed as an attorney under the Laws of the State of South Dakota and Nebraska.

5. Defendant, James Law, P.C. is a South Dakota Professional Corporation with its principal place of business in Yankton, South Dakota.

6. Defendant, James & Associates, P.C. was a South Dakota Professional Corporation with its principal place of business for a while in Springfield, South Dakota.

7. Defendant, Timothy L. James, is the President/Registered Agent of James Law, P.C., and is active at this time.

8. Defendant, Timothy L. James was the President/ Registered Agent of James & Associates, P.C., and is inactive at this time.

9. This United States District Court has diversity subject matter Jurisdiction over Roger D. Waldner's claims because complete diversity exists among the parties and the amount in controversy exceeds **$75,000.00.**

10. See **28 U.S.C. § 1332** ("The District Courts shall have original Jurisdiction of all Civil Actions where the matter in controversy exceeds the sum or value of **$75,000.00** . . . and is between citizens of different States").

11. At all times material, Defendant, Timothy L. James represented the interest of Plaintiff, Roger D. Waldner, either through James Law, P.C. or James & Associates, P.C. the other Defendants.

12. The acts of the Defendants that give rise to this Complaint occurred in Yankton County and Minnehaha County, South Dakota.

13. The acts of the Defendants that give rise to this Complaint occurred through the United States Postal Service and the State Court Case.

GENERAL ALLEGATIONS

14. The Plaintiff, listed above hereby discloses the following:

**ABA MODEL RULES OF PROFESSIONAL CONDUCT**

(1) Rule 1.2(d): "A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows criminal or fraudulent . . ."

(2) (a) A lawyer shall not knowingly . . .

    (1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

    (3) Offer evidence that the lawyer knows to be false.

(3) Rule 4.1(a): "(a) A lawyer shall not knowingly . . . make a false statement of law to a third person;"

(4) Rule 8.4(b)(c)(d): (b) It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

    (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

    (d) engage in conduct that is prejudicial to the administration of justice.

infringed upon by the Defendant, Attorney Timothy L. James, together with specific examples of the conduct that is inconsistent with those **RULES** set forth above, and possible others, that confirms the Legal Malpractice of this Defendant, Attorney Timothy L. James, a member of the South Dakota and Nebraska Bars, and an Officer of the Courts.

15. Defendant, Attorney Timothy L. James, specializes in Legal Malpractice among other things in the legal field.

16. On or about Mid-May early June, 2006 the Plaintiff, ROGER D. WALDNER, pro se, entered into a Contractual Agreement for Legal Services with Defendants Timothy L. James, (Herein after **"James"**) a Licensed Attorney for the State of South Dakota and for the State of Nebraska and James and Associates, P.C. (now James Law, P.C.).

17. Specifically, James was retained to bring a Lawsuit for Legal Malpractice against A. Thomas Pokela, another South Dakota Attorney, who had mis-handled the Defense of multiple Lawsuits against the Plaintiff.

18. Plaintiff provided a Retainer against costs and fees to James, and at all times pertinent to this matter paid James in Full for his Services.

19. Plaintiff provided James with all information he requested and which was necessary to perform the work in QUESTION.

20. At all times pertinent to this Claim, Plaintiff co-operated fully with James, in order to facilitate the requested work.

21. On May 1, 2009, James Filed a Suit in Minnehaha County Circuit Court against A. Thomas Pokela on behalf of the Plaintiff. The Case was assigned a Civil Case Number of 09-2025.

22. Civil Case Number 09-2025 was a Claim for Malpractice, and sought general damages, interest and costs, but did not specify a fixed dollar amount for the damages.

23. A. Thomas Pokela, having been properly served, failed to Answer the Civil Complaint.

24. On August 17, 2009 the Circuit Court, upon a Motion by James, Entered a "Judgement of Default" against A. Thomas Pokela and in favor of the Plaintiff.

25. On April 14, 2011, James Filed a Document entitled "Affidavit of Timothy L. James in Support of Damages Prove-Up."

26. On April 14, 2011, Minnehaha County Circuit Court held a Prove-Up Hearing to determine damages pursuant to the Default Judgement previously Entered on August 17, 2009.

27. A. Thomas Pokela failed to attend the Prove-Up Hearing and damages were Entered based on the Affidavit provided by James.

28. On April 14, 2011, the Minnehaha County Circuit Court Entered a a Judgement against A. Thomas Pokela in favor of the Plaintiff, in the amount of $1,652,783.30 in Actual Damages and $814,618.51 in Pre-Judgement Interest.

29. These figures are the exact Dollar Amounts set forth in James Affidavit of April 14, 2011.

30. The Complaint against A. Thomas Pokela stemmed from work which was done in 7 separate but related Cases (04-1129, 04-725, 04-1471, 04-1418, 04-1417, 04-1628, and 04-1371).

31. In the Complaint Filed by James, he lists Judgements from 7 Cases totaling $2,604,358.19 in Actual Damages and Post-Judgement Interest.

32. In his Affidavit, he lists Judgements from the 7 Cases totaling $2,467,401.97 in Actual Damages and Post-Judgement Interest.

33. This is a difference of $136,956.22 which was listed in the Complaint but not in James Affidavit.

-5-

34. However, in the 7 Cases originally in question, a total of $3,525,747.53 in Actual Damages and Post-Judgement Interest were Entered against the Plaintiff.

35. James failed to properly list these Claims in his Complaint and in in his Affidavit, causing the Plaintiff to be $2,976,118.61 short in his Legal efforts to recoup Damages caused by A. Thomas Pokela's mishandling of the Original Cases, including correct calculation of the Post-Judgement Interest through the date of the Judgement against A. Thomas Pokela.

36. Including Post-Judgement Interest which through August 20, 2012, the total of all Judgements now owed and due against Plaintiff is $6,167,298.24

## COUNT 1 - Mail Fraud (1341)

37. Plaintiff repeats and re-alleges paragraphs 1 through 36 where material as though they were fully set forth herein.

38. On or about May 1, 2009 James sent a copy of the Complaint in Case Number 09-2025 to the Circuit Court for the County of Minnehaha, South Dakota and to the Minnehaha County Sheriff's Department for Service on (Defendant A. Thomas Pokela) by means of the United States Postal Service.

39. The Civil Complaint contained factual errors with respect to the amount of Actual Damages suffered by Plaintiff (Roger D. Waldner).

40. James signed the Complaint, tacitly verifying the Information contained therein to be true and correct.

41. James was, at the time he Filed the Complaint, either in possession of or positioned to have access to the Original Judgements against the

Plaintiff Waldner which gave rise to the Complaint.

42. James mailed the Complaint to the Court for Filing and to the Sheriff's Office for Service with the intent to defraud Plaintiff Waldner of money to which he was Legally Entitled under the Law.

43. James knew and had done business with Defendant in Case 09-2025, A. Thomas Pokela, who was also an Attorney.

44. A. Thomas Pokela had requested that James help him to avoid liability in this matter.

45. The scheme as devised by the Defendant James to defraud the Plaintiff, and which was executed by the use of the United States Postal Service was in violation of 18 U.S.C. § 1341.

46. The Plaintiff was further defrauded by the Defendant's artifice and scheme of his intangible Right to Honest Service.

## COUNT 2 - Mail Fraud (1341)

47. Plaintiff repeats and re-alleges paragraphs 1 through 46 where material as though they were fully set forth herein.

48. On or about March 18, 2011, James sent a copy of the Documents entitled "Notice of Prove-Up Hearing" and "Affidavit of Timothy L. James in Support of Damages Prove-Up" to Defendant A. Thomas Pokela and to the Circuit Court for Minnehaha County, South Dakota by means of the United States Postal Service.

49. These Documents collectively contained Information regarding the Damages Claimed by Plaintiff Waldner against A. Thomas Pokela in Civil Case Number 09-2025.

50. The Information contained in the Notice and Affidavit sent by James contained factual errors with respect to the amount of Actual Damages suffered by Plaintiff Waldner.

51. James signed the Notice, and also signed the Affidavit under sworn oath, asserting the Information contained therein was true and correct.

52. James knew or should have known, based on the Information then in his possession or otherwise available to him that these numbers were in fact incorrect.

53. The Damages Claimed by James in the Notice and Affidavit are different than those set forth in the Complaint, containing new and different errors.

54. James mailed these Documents to the Court and to Defendant A. Thomas Pokela with the intent to defraud Plaintiff Waldner of money to which he was Legally Entitled to under the Law.

55. James knew and had prior dealings with the Defendant A. Thomas Pokela in Case Number 09-2025, A. Thomas Pokela, who was a fellow Attorney.

56. Defendant A. Thomas Pokela had previously requested that James assist him in avoiding his liability to Plaintiff Waldner.

57. The scheme as devised by the Defendant James to defraud the Plaintiff, and which was executed by the use of the United States Postal Service and was in violation of 18 U.S.C. § 1341.

58. The Plaintiff was further defrauded by the Defendant's artifice and scheme of his intangible Right to Honest Service.

## COUNT 3 - Mail Fraud (1341)

59. The Plaintiff repeats and re-alleges paragraphs 1 through 58 where material as though they were fully set forth herein.

60. On or about April 14, 2011, James sent a copy of a Notice of Entry of Order, along with an attached copy of the Judgement issued by the Circuit Court for Minnehaha County, South Dakota against A. Thomas Pokela in favor of Plaintiff Waldner to A. Thomas Pokela and to the Plaintiff Waldner at the Federal Prison Camp-Loretto, PA.

61. This Document incorporated the erroneous Information previously provided to the Court by James with respect to the Actual Damages suffered by Plaintiff Waldner.

63. The Notice was signed by James in his capacity as an Attorney.

64. James knew or should have known that the Information contained in the Notice and the Judgement with respect to the Damages awarded by the Court was an incorrect statement of the Plaintiff Waldner's Actual Damages.

65. James mailed these Documents to Pokela and Plaintiff Waldner with the intent to defraud Plaintiff Waldner of money to which he was Legally Entitled to under the Law.

66. James knew and had prior dealings with A. Thomas Pokela.

67. A. Thomas Pokela had previously asked James to assist him in avoiding liability in this matter.

68. The scheme as devised by the Defendant James to defraud the Plaintiff, and which was executed by the use of the United States Postal Service and was in violation of 18 U.S.C. § 1341.

69. The Plaintiff was further defrauded by the Defendant's artifice and scheme of his intangible Right to Honest Service.

### COUNT 4 - Wire Fraud (1343)

70. The Plaintiff repeats and re-alleges paragrapgs 1 through 69 where material as though there were fully set forth herein.

71. On or about April 19, 2011, Plaintiff Waldner had placed a telephone call to James to inform him that he had received his letter of April 14, 2011, which contained a (Letter to A. Thomas Pokela, Notice of Entry of Judgement, Judgement marked Exhibit A, and Certificate of Service) that he had obtained a Judgement against A. Thomas Pokela in the amount of **$2,467,401.81.**

72. James had sent these Documents to A. Thomas Pokela on April 14, 2011, by fax from his Office to (605) 338-4837 A. Thomas Pokela Office in Sioux Falls, South Dakota and Regular Mail.

73. Plaintiff Waldner requested that James send him a copy of the complete Civil Case File Number 09-2025, as well as the underlying Case Files Judgements in (04-1129, 04-725, 04-1471, 04-1418, 04-1417, 04-1628, and 04-1371) so that he could verify that the Judgement Number was for the correct Dollar amount.

74. As of the date of this Filing, James has not provided any paper work to Plaintiff Waldner here at the Federal Prison camp-Loretto, PA.

75. James knew or should have known that the Amount of the Judgement was less than the Amount of Damages suffered by the Plaintiff Waldner as a result of A. Thomas Pokela's Malpractice.

76. James, along with the other members and employees of his Law Firm, A. Thomas Pokela, and the Minnehaha Circuit Court conspired as part of a scheme to defraud the Plaintiff Waldner.

77. At the time of the call, Plaintiff Waldner resided outside of the State of South Dakota.

78. Plaintiff Waldner has been confined to the Federal Prison Camp-Loretto PA since about January 21, 2011.

79. The telephone call was transmitted by wire from Loretto, PA.

80. The Phone call was part of the scheme.

81. James knew and had prior dealings with A. Thomas Pokela, a fellow Attorney and Member of the South Dakota State Bar Association.

82. James and Pokela had previously discussed James' assisting him in avoiding liability for his Malpractice against Plaintiff Waldner.

83. James knew the call specifically and the scheme was undertaken by the Association in Fact the Enterprise would have a material effect upon interstate commerce.

84. James' actions caused the Plaintiff Waldner to suffer Real and Actual Damages and will cause him to continue to suffer ongoing Damages.

85. James' actions materially violated 18 U.S.C. § 1343.

86. The scheme as devised by Defendant James to defraud the Plaintiff, and which was executed by the use of phone and fax was in violation of 18 U.S.C. § 1343 (Wire Fraud).

87. The Plaintiff was further defrauded by the Defendant's artifice and

scheme of his intangible Right to Honest Service.

## COUNT 5 - RICO

88. The Plaintiff repeats and re-alleges paragraphs 1 through 87 where material as though they were fully set forth herein.

89. James has engaged in multiple acts of Mail Fraud (1341) and Wire Fraud (1343), all of which constitutes a pattern of Racketeering Activity and were part of the same continuous and ongoing **"Enterprise"** within the meaning of the Racketeer Influenced and Corrupt Organizations Act **(RICO)** 18 U.S.C. § 1961 et seq. to defraud Plaintiff Waldner of money to which he was Legally Enttiled to under the Law, and which resulted in the injury to the Plaintiff Waldner.

90. James, through, in concert with and in conjuction with other employees and members of his Law Firm, A. Thomas Pokela, and the Circuit Court of Minnehaha County, South Dakota operated a corrupt **"Enterprise"** in the form of an Association in Fact.

91. The Defendant James, and each other Member of the "Association in Fact" the Enterprise is a person as defined in 18 U.S.C. § 1961(3) to include "any individual or entity capable of holding a legal or beneficial interest in property."

92. Operating under the primary direction of James in his Professional Capacity as an Attorney at Law, the Enterprise functioned outside the normal Regulatory Mechanisms and with a causal disregard for either the Ethical Guidelines or other External Regulatory Controls.

93. In doing so, the Defendant James knowingly participated in a preconceived scheme to defraud the Plaintiff Waldner by means of False Legal

-12-

Pleadings in Civil Case Number 09-2025.

94. The Defendant James and the other Participants in the Enterprise operated it through a pattern of Racketeering Activity, consisting of multiple Predicate Acts, which included instances of Mail Fraud (1341), Wire Fraud (1343), False Statements (1001), and Right to Honest Service with the intent to defraud Plaintiff Waldner.

95. The activities of the Defendant James and his Confederates described here were part of a common, inter-related, ongoing scheme in furtherance of the same Goal and Formed a Pattern of Racketeering Activity within the meaning of 18 U.S.C. § 1961(5).

96. The Plaintiff Waldner was injured as a result of the Defendant's in violation of 18 U.S.C. § 1962(c) in that the Judgement obtained by James was for an amount substantially below the Actual Damages suffered by the Plaintiff Waldner as a result of A. Thomas Pokela's Malpractice, causing him to lose money and to suffer interest penalties upon such losses as he was otherwise Legally Entitled to under the Law.

97. The scheme as devised by Defendant James to defraud the Plaintiff, and which were executed by Mail Fraud (1341), Wire Fraud (1343), False Statements (1001).

98. The Plaintiff was further defrauded by the Defendant's artifice and scheme of his intangible Right to Honest Service.

### COUNT 6 Legal Malpractice

99. The Plaintiff repeats and re-alleges paragraphs 1 through 98 where material as though fully set forth herein.

100. Defendant James was negligent and breached his duty to the Plaintiff

-13-

Waldner in the following manner, including but not limited to:

a. Failing to assert available claims;

b. Failing to correctly list all damages suffered by the Plaintiff Waldner in the Complaint;

c. Failing to correctly list all damages suffered by the Plaintiff Waldner in his Affidavit of damages;

d. Failing to present evidence to the Court at the Prove-Up Hearing regarding all damages suffered by the Plaintiff Waldner;

e. Failing to ensure the Court Entered a Judgement for the Correct amount of damages suffered by the Plaintiff Waldner;

f. Failing to comply with requests from the Plaintiff Waldner to provide Information regarding the Case;

g. Failing to File necessary Motions;

i. Failing to obtain and/or introduce necessary evidence and testimony regarding damages suffered by the Plaintiff Waldner;

j. Generally failing to carry out the duties, obligations and functions of Legal Counsel with proper skill, diligence and care required.

101. As a direct and proximate result of the negligence and breach of duty of the Plaintiff Waldner, the Plaintiff Waldner has and will continue to suffer damages as follow:

a. Actual money damages to which the Plaintiff Waldner was Legally Entitled to under the Law;

b. Pre and Post Judgement Interest as a result of the underlying unnecessary Judgements, Fees, Costs, and Expenses;

c. Other general and special damages in an amount to be determined at Trial.

### COUNT 7 - Breach of Fiduciary Duty

102. The Plaintiff repeats and re-alleges paragraphs 1 through 101 where material as though they were fully set forth herein.

103. As a result of the Attorney-Client relationship between the Plaintiff Waldner and the Defendant James, the Defendant was acting as a:

a. Fiduciary of the Plaintiff Waldner and as such owed Plaintiff Waldner a fiduciary duty and a duty of good faith and fair dealings.

104. The Defendant James breached his fiduciary duty and duty of good faith and fair dealing to the Plaintiff Waldner in the following manner, including but not limited to:

a. Failing to assert available claims;

b. Failing to correctly list all damages suffered by the Plaintiff Waldner in the Complaint;

c. Failing to correctly list all damages suffered by the Plaintiff Waldner in his Affidavit of Damages;

d. Failing to present evidence to the Court at the Prove-Up Hearing regarding all damages suffered by the Plaintiff Waldner;

e. Failing to ensure the Court Entered a Judgement for the correct amount of damages suffered by the Plaintiff Waldner;

f. Failing to comply with requests from the Plaintiff Waldner to provide Information regarding the Case;

g. Failing to File necessary Motions;

i. Failing to obtain and/or introduce necessary evidence and testimony regarding damages suffered by the Plaintiff Waldner;

j. Generally failing to carry out the duties, obligations and functions of Legal Counsel with proper skill, diligence and care required.

105. As a direct and proximate result of the Breach of Fiduciary Duty, Duty of Good Faith, and Duty of Fair Dealing by the Defendant James, the Plaintiff Waldner has and will continue to suffer damages as follows:

a. Actual money damages to which the Plaintiff Waldner was Legally Entitled to under the Law;

b. Pre and Post Judgement Interest as a result of the underlying unnecessary Judgements, Fees, Costs, and Expenses;

c. Other general and special damages in an amount to be determined at Trial.

## PRAYER

**WHEREFORE,** the Plaintiff Waldner demands Judgement as follows:

A. The Granting an Injction, pursuant to 18 U.S.C. 1341, 1343, and 18 U.S.C. § 1964(a), against Timothy L. James and his Law Firm (James Law, P.C., prohibiting them from expending funds from any Bank Accounts, Certificates of Deposits, Government Bonds, Transferring, Selling or otherwise divesting or altering any Interest in Real Property held by them in any capacity so as to prevent the Defendants from engaging in further Racketeering Activities, including but not limited to Hiding, Transferring or otherwise divesting themselves of any assets, regardless of its Value, until such time as any Claims contained herein or any Resulting Judgement thereupon has been Completely Satisfied.

B. An Award to the Plaintiff Waldner of Damages, as a result of the Claims alleged in Counts 1 through 7, in the Amount to be proven at Trial, but presently believed to Exceed the Sum of "6,167,298.24" together with Interest, Costs, Attorney Fees, Expert Fees, and all other Reasonable Expenses.

C. An Award to the Plaintiff Waldner of Treble Damages, as a result of the wrongs alleged in Counts 1 through 5, for the violations of 18 U.S.C. § 1962; in an amount to be determined by the Trial Court upon proof, but presently believed to Exeed the Sum of "$18,501,894.72," together with Interest, Costs, Attorney's Fees, Expert Fees, and other Reasonable Expenses.

**PLAINTIFF ROGER D. WALDNER DEMANDS A TRIAL BY JURY.**

Dated: August 20, 2012.

Respectfully submitted,

*Roger D. Waldner*

Roger D. Waldner, Plaintiff, pro se,
U.S.M. No. 09797-029
Federal Prison Camp-Loretto
P.O. Box 1000
Loretto, PA 15940-1000

## CERTIFICATE OF SERVICE

I certify that on August 20, 2012, I mailed, via USPS, postage prepaid, a copy of these Documents (Civil Cover Sheet, Complaint, and Certificate of Service) to the Joseph A. Haas, Clerk, US District Court, District of South Dakota, Rm 128, Federal Bldg. & US CourtHouse, 400 S. Phillips Ave., Sioux Falls, SD 57104-6851.

PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS.

I certify that these Documents above were put into the Federal Prison Mail Box System (<u>Sulik</u> Rule) on August 20, 2012, for forwarding to the address listed above for Filing. I certify under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Respectfully submitted,

*Roger D. Waldner*

Roger D. Waldner, Plaintiff, pro se
U.S.M. No. 09797-029

7010 1870 0003 2518 9842

-17-