UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER D. WALDNER, | ) | Civ. 12-4153-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING JUDICIAL |
| | ) | NOTICE, DENYING MOTION TO |
| TIMOTHY L. JAMES; | ) | STRIKE, AND DENYING |
| JAMES LAW, P.C.; and | ) | INJUNCTIVE RELIEF |
| JAMES & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Roger D. Waldner, is an inmate at the Federal Prison Camp in Loretto, Pennsylvania. Docket 1 at ¶ 3. Waldner filed this action on August 24, 2012, alleging three counts of mail fraud and one count each of wire fraud, racketeering, legal malpractice, and breach of fiduciary duty. *Id.* Defendants responded on October 18, 2012, denying all claims and asserting various defenses. Docket 7. Waldner now moves to strike certain defenses (Docket 17) and requests the imposition of a preliminary injunction (Docket 18). Waldner also requests that the court take judicial notice of several previously resolved cases. Dockets 8–15. The court grants Waldner's various motions to take judicial notice (Dockets 8–15), but denies Waldner's motion to strike (Docket 17) and his motion for preliminary injunction (Docket 18).

**DISCUSSION**

**I.     Waldner's Motions for Judicial Notice Are Granted.**

Waldner moves this court to take judicial notice of pleadings and judgments related to various state court actions involving Waldner. Dockets 8–15. Pursuant to Federal Rule of Evidence 201(c), "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Waldner has provided the court with the documents he wishes to have judicially noticed, and defendants have not objected. *See* Dockets 8–15. Because each document relates to state court actions, the court finds that the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Matter of Phillips*, 593 F.2d 356, 358 (8th Cir. 1979) (holding that, absent a dispute, a federal court may properly take judicial notice of state court pleadings). Accordingly, the court will take judicial notice of the state court documents that are part of the public record, as set forth in Dockets 8, 9, 10, 11, 12, 13, 14, and 15. Waldner's motions for judicial notice (Dockets 8–15) are granted.

**II.    Waldner's Motion to Strike Is Denied.**

Waldner moves to strike each of defendants' defenses (Docket 17) as set forth in defendants' answer (Docket 7). To support his motion to strike, Waldner asserts that defendants' defenses are either unrecognizable at law or

2

insufficiently pleaded. Docket 17. In his response to defendants' opposing brief, Waldner adds that each defense is unrelated to the matter in controversy and would prejudice Waldner. Docket 22.

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quoting 2A Moore's Federal Practice ¶ 12.21 at 2437 (2d ed. 1975)). As defendants point out, "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at 783 (1969)).

In the instant case, the defenses asserted by defendants meet the pleading requirements of the Federal Rules of Civil Procedure.[1] Although Waldner argues that defendants have failed to provide sufficient facts to support the defenses asserted in defendants' answer, Waldner's allegations and defendants' answer provide sufficient facts upon which defendants base their

---

[1] Pursuant to Federal Rule of Civil Procedure 8(b)(1)(A), "a party must state in short and plain terms its defenses to each claim asserted against it." As Form 30 of the Federal Rules of Civil Procedure demonstrates, a short and plain statement such as "[t]he complaint fails to state a claim upon which relief can be granted" is sufficient for pleading purposes.

3

defenses. Furthermore, each defense asserted by defendants meets this court's previously articulated standard for ruling on motions to strike—each defense has a possible relation or logical connection to the subject matter of the controversy. *See Poulos v. Summit Hotel Properties, LLC*, 2010 WL 2034634, at *3 (D.S.D. May 21, 2010) (stating that courts should deny motions to strike " 'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.' " (quoting *Atl. Recording Corp. v. Raleigh*, 2009 WL 1543458 (E.D. Mo. June 2, 2009))). The court therefore denies Waldner's motion to strike in its entirety.

### III.  Waldner's Motion for Preliminary Injunction Is Denied.

Waldner moves the court to impose a preliminary injunction to

> enjoin the Defendants from expending Funds from any Bank Account or Account from any Other Financial Institution, Certificate of Deposit, Bond of any Nature, Life Insurance, or any other sources; from Transferring, Selling or otherwise divesting any Interest in Real Property held by them in any Capacity; and from Transferring, Selling or otherwise divesting any Interest in Personal Property held by them in any Capacity.

Docket 18 at 1. Waldner claims that "[s]uch an injunction is necessary to prevent the Defendants from engaging in further Racketeering Activities, as well as to prevent them from divesting themselves of assets so as to thwart the ability of [Waldner] to be satisfied on any Resulting Judgment Rendered against them in this Case." *Id.* at 1–2. Alternatively, Waldner asks the court to create

4

an escrow account of $20 million "to ensure adequate funds are present to satisfy any Judgement." *Id.* at 2. Lastly, Waldner "would also accept a Waiver of any Policy Limitations by the Defendant's Malpractice Insurer." *Id.*

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). To determine whether the issuance of a preliminary injunction is appropriate, the court considers the following factors:

(1) the threat of irreparable harm to the movant;
(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that movant will succeed on the merits; and
(4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113. Although no single factor is determinative, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins*, 346 F.3d at 844; *see also Dataphase*, 640 F.2d at 144 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction.").

" 'Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.' " *Rogers Group, Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 789 (8th Cir. 2010) (quoting *Gen. Motors, Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009)). To demonstrate irreparable harm, Waldner must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, "[m]ere fear of economic harm will not justify injunctive relief; plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

In the instant case, Waldner argues that, in the absence of injunctive relief, the defendants will "transfer, hide or otherwise shield assets against any potential judgment." Docket 21 at 2. Waldner therefore believes he will be unable to recover a money judgment against defendants and will risk "irreparable future harm to [his] reputation, credit rating and ability to transact business as a result." *Id.* In other words, Waldner does not argue that his injuries cannot be fully compensated through an award of damages; rather, Waldner fears that if he receives a judgment in his favor, defendants will not be financially equipped to satisfy such judgment.

Waldner has not provided any evidence to establish that defendants have previously acted irresponsibly with their assets, nor has he made a showing that defendants would be unable to satisfy a future judgment in his favor. *See Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991) (noting that "there is no *presumption* that money damages will be inadequate in connection with a motion for an injunction" and requiring that "[s]ome evidence and reasoned analysis" be proffered to support the alleged inadequacy (emphasis in original) (citation omitted)). Waldner has therefore failed to show that the alleged harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard*, 782 F.2d at 115.

The threat of irreparable harm in this case is merely speculative. Should Waldner prevail on the merits of his case, he will be entitled to money damages—relief that would offer a complete remedy. Because the "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," *Watkins*, 346 F.3d at 844, the court will not address the remaining *Dataphase* factors. Waldner's motion for a preliminary injunction (Docket 18) is denied. Accordingly, it is

ORDERED that Waldner's motions for judicial notice (Dockets 8–15) are granted.

IT IS FURTHER ORDERED that Waldner's motion to strike (Docket 17) is denied.

IT IS FURTHER ORDERED that Waldner's motion for preliminary injunction (Docket 18) is denied.

Dated March 21, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE