UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROGER D. WALDNER, | ) | Civ. 12-4153-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION |
| TIMOTHY L. JAMES; | ) | FOR SUMMARY JUDGMENT |
| JAMES LAW, P.C.; and | ) | |
| JAMES & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Roger D. Waldner, is an inmate at the Federal Prison Camp in Yankton, South Dakota. Docket 38. Waldner filed a pro se lawsuit against defendants, Timothy L. James, James Law, P.C., and James & Associates, P.C., alleging three counts of mail fraud and one count each of wire fraud, racketeering, legal malpractice, and breach of fiduciary duty. Docket 1. On February 21, 2014, the court granted defendants' motion for partial judgment on the pleadings (Docket 24), thereby dismissing Waldner's mail fraud, wire fraud, and racketeering claims (Docket 58). Defendants now move for summary judgment on Waldner's remaining claims. Docket 62. Waldner has not responded to defendants' motion, and the time for response has passed. For the reasons set forth herein, the court grants defendants' motion for summary judgment (Docket 62).

**FACTUAL BACKGROUND**

In the light most favorable to Waldner, the nonmoving party, the relevant facts are as follows[1]:

Defendant Timothy L. James, through his representation of Waldner in a legal malpractice action against A. Thomas Pokela, obtained a default judgment in the amount of $1,652,783.30 in actual damages and $814,618.51 in pre-judgment interest. Dockets 1 at ¶ 28; 29 at ¶ 5; 63 at ¶ 1. Pokela, however, was and is unable to pay the total $2,467,401.81 award that James obtained for Waldner. Dockets 29 at ¶ 6; 63 at ¶ 3.

Pokela did not have malpractice liability insurance coverage at the time he represented Waldner, nor did he have coverage at the time Waldner brought the malpractice action against him. Dockets 29 at ¶ 8; 63 at ¶¶ 5–6. There is, therefore, no liability insurance to cover any portion of the damages award. Docket 62 at ¶ 7. Due to a shoulder injury, Pokela is currently unemployed. Dockets 29 at ¶ 16; 63 at ¶ 8. His only source of income is a monthly Social Security payment in the amount of $2,200. Dockets 29 at ¶ 17; 63 at 9. Pokela's home has been foreclosed, and he does not otherwise have any significant assets. Dockets 29 at ¶¶ 18, 20; 63 at ¶¶ 17–18. Pokela currently pays $700 per month for rent. Dockets 29 at ¶ 18; 63 at ¶ 16.

---

[1] Pursuant to Local Rule 56.1.D, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts."

Additionally, because he was convicted of conspiracy to commit wire fraud on August 1, 2011, Pokela has an outstanding restitution order of $848,909.48. Dockets 29 at ¶ 15; 63 at ¶ 12. Pokela also owes the federal government $50,000 in federal income taxes and has an additional $150,000 in other debt. Dockets 29 at ¶¶ 13–14; 63 at ¶¶ 13–14.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence,[2] viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotations and citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "the court is required to . . . give [the nonmoving] party the benefit of all

---

[2] The evidence includes the pleadings, depositions, documents, electronically stored information, stipulations, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c).

reasonable inferences to be drawn from the underlying facts," *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980), the nonmoving party may not "rest upon mere denials or allegations." *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002). Instead, the nonmoving party must "set forth specific facts sufficient to raise a genuine issue for trial." *Id.*

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Moreover, the court is not "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* The court remains sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980).

**DISCUSSION**

As previously set forth in the court's order dated February 21, 2014 (Docket 58), Waldner alleges that "Defendant James was negligent and breached his duty to the Plaintiff" in the following ways:

    a.    Failing to assert available claims;
    b.    Failing to correctly list all damages suffered by the Plaintiff Waldner in the complaint;
    c.    Failing to Correctly list all damages suffered by the Plaintiff Waldner in his Affidavit of damages;
    d.    Failing to present evidence to the Court at the Prove-Up Hearing regarding all damages suffered by the Plaintiff Waldner;
    e.    Failing to ensure the Court Entered a Judgement for the Correct amount of damages suffered by the Plaintiff Waldner;
    f.    Failing to comply with requests from the Plaintiff Waldner to provide Information regarding the Case;
    g.    Failing to File necessary Motions;
    i.    Failing to obtain and/or introduce necessary evidence and testimony regarding damages suffered by the Plaintiff Waldner;
    j.    Generally failing to carry out the duties, obligations and functions of Legal Counsel with proper skill, diligence and care required.

Docket 1 at ¶ 100. As a direct and proximate result of James's alleged "negligence and breach of duty," Waldner represents that he suffered actual money damages, loss of pre- and post-judgment interest, and "other general and special damages in an amount to be determined at Trial." *Id.* at ¶ 101.

To establish a legal malpractice claim under South Dakota law, a plaintiff must prove the following: "(1) the existence of an attorney-client relationship giving rise to a duty; (2) that the defendant attorney[], either by

act or omission, violated or breached that duty; (3) that the attorney[]'s breach of duty proximately caused injury to plaintiff; and (4) that plaintiff sustained actual injury, loss, or damage." *Randall v. Bantz, Gosch, Cremer, Peterson and Sommers*, 883 F. Supp. 449, 450 (D.S.D. 1995) (citing *Haberer v. Rice*, 511 N.W.2d 279, 284 (S.D. 1994)).

To establish a breach of fiduciary duty under South Dakota law, a plaintiff must prove the following: "(1) that the defendant was acting as plaintiff's fiduciary; (2) that the defendant breached a fiduciary duty to plaintiff; (3) that plaintiff incurred damages; and (4) that the defendant's breach of the fiduciary duty was a cause of plaintiff's damages." *Chem-Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 772 (S.D. 2002) (citation omitted).

Where a plaintiff alleges he was damaged by his attorney's failure to secure a particular judgment in a prior case, the plaintiff must demonstrate "that a judgment in the prior case 'would have been collectible in some amount.'" *Taylor Oil Co. v. Weisensee*, 334 N.W.2d 27, 29 (S.D. 1983) (citation omitted). In other words, failure to prove that some portion of the judgment in the prior action was collectible amounts to a failure to prove damages in the subsequent and related negligence action. *Id.* at 30.

In the instant case, defendants assert they are entitled to summary judgment because Waldner has failed to produce evidence demonstrating that he can actually recover the damages award that James obtained against

6

Pokela in the prior case. Docket 64. As defendants have asserted and Waldner has not disputed, Pokela is insolvent and thus incapable of satisfying the existing damages award. Therefore, even if Waldner could establish that James was negligent in his failure to obtain a larger damages award against Pokela, Waldner would be unable to collect such an award. Accordingly, defendants maintain that Waldner cannot establish a necessary element of either a legal malpractice or breach of fiduciary claim because he has not sustained an actual, recoverable loss.

To support their claim that Pokela is insolvent, defendants have once again submitted evidence to demonstrate that "Pokela could not, and cannot, pay the total $2,467,401.81 award that James obtained for Waldner." Docket 63 at ¶ 3 (citing Docket 29 at ¶¶ 6–7). When defendants first made this argument in support of their motion for summary judgment (Docket 26), Waldner disputed Pokela's insolvency and the nature of Pokela's malpractice insurance coverage (Docket 55). Construing disputed facts in favor of Waldner, the nonmoving party, the court granted Waldner additional time to conduct discovery on the issue of Pokela's solvency and malpractice insurance coverage. Docket 58.

One day after the deadline for such discovery passed, Waldner filed a motion to extend the relevant discovery deadline so that he could retain legal counsel for the purpose of conducting depositions. Docket 60. Forty-five days

later, after receiving no notice of appearance from Waldner's prospective attorney, the court denied Waldner's motion to extend deadlines. Docket 65. To date, Waldner has submitted no evidence to dispute defendants' assertion that Pokela is insolvent. The court therefore finds that Pokela is insolvent and thus unable to pay any portion of the $2,467,401.81 award that James obtained for Waldner in the prior action. Because Waldner has failed to show that he could recover some portion of existing damages, Waldner has similarly failed to demonstrate that he incurred actual damages as a result of James's alleged legal malpractice and breach of fiduciary duty. Accordingly, the court finds that defendants are entitled to judgment as a matter of law, and it is

ORDERED that defendants' motion for summary judgment (Docket 62) is granted.

Dated August 19, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE